IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAYLOR ANTHONY BEESON,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL MANDILLION, et al.,<br><br>Defendants. | 9:26-cv-00101-DWM<br><br>ORDER |

Plaintiff Taylor Anthony Beeson has filed a civil complaint, alleging violations of his constitutional rights. (Doc. 2.) Beeson alleges claims relating to conflict of interest, due process, equal protection, excessive force, false arrest and imprisonment, malicious prosecution, retaliation, speedy trial, and unlawful search and seizure. (*Id.* at 3-7).

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff Taylor Anthony Beeson is an inmate at Crossroads Correctional Center, Shelby, Montana. He names, as defendants, Missoula Police Officer Paul Mandillion, Missoula County Deputy County attorney Justin Eckwalls, Fourth Judicial District Court Judge Jason Marks, the Missoula Police Department, and the "Executive Branch Administration of Montana." (Doc. 2 at 1). Beeson filed a

supplement that pointed out that Defendants Eckwalls and Marks have immunity on his claims, and thus, he would like to replace them as defendants with the County Attorney's Office of Missoula and the Fourth Judicial District Court of Missoula Montana-Administration. (Doc. 6.)

### B. Allegations

The following brief summary forms the background of Beeson's allegations. Beeson's claims arose on August 3, 2024, when he was working as a cashier at a casino. (Doc. 2 at 7.) Close to midnight, a customer placed a 911 call and falsely reported that Beeson would not let people leave the store. Beeson's coworker was given the phone and told the dispatcher that everything was ok, and people were leaving the store. Nonetheless, the dispatcher characterized the call as a disturbance, and Defendant Officer Mandillion arrived at the scene. (Doc. 2 at 8.)

When Mandillion arrived, Beeson was on a smoke break, which he was streaming on Facebook. Beeson told Mandillion he would not answer any questions, and "immediately felt badgered" by Mandillion's questions. (Doc. 2 at 8.) Mandillion told Beeson "you're not free to leave," which Beeson characterizes as an unlawful seizure. Mandillion then went into the casino to talk to the other individuals on the scene. (Doc. 2 at 10.) Mandillion then returned, grabbed Beeson, and assaulted him. Beeson did not realize it was an officer, so responded to the attack by throwing Mandillion off of him "in a defensive measure." (Doc. 2 at 10.)

Beeson alleges that Mandillion continued "to aggress upon" him and assaulted him. Beeson responded with "a justifiable use of force in self defense of liberty and person." *Id.*

Eventually, after this altercation, Beeson was arrested and transported to Missoula County Detention. (Doc. 2 at 15.) Beeson was placed in a suicide watch cell, and though he was promised water, he was not given any.

Beeson's remaining claims relate to the conduct of his prosecution. He alleges that he stated he wanted to represent himself, but that Judge Marks and Defendant Eckwalls interfered with his right to do so. (Doc. 2 at 15.) A public defender was appointed against his will. Beeson asserts that it is a conflict of interest for a state-appointed public defender to represent him in a prosecution also by the state. (Doc. 2 at 16.) Beeson also alleges various other due process deficiencies in his state prosecution, including violation of his right to a speedy trial, and issues related to his competency to stand trial. (Doc. 2 at 17 – 19.)

Beeson seeks $5.8 million in damages. (Doc. 2 at 26.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915 and 1915A

Because Beeson is an inmate proceeding in forma pauperis against a governmental defendant, his complaint must be reviewed under 28 U.S.C. §§ 1915(a)(1) and 1915A. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(B)(i)–(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section] 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To proceed to the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## III. ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Beeson's claims stem from his arrest on the evening and early morning of August 3 and 4, 2024 and his subsequent prosecution and conviction.

**A. Defendant Mandillion**

Beeson alleges that Mandillion, in arresting Beeson, retaliated against Beeson for "exercising his right to not answer" questions. (Doc. 2 at 9). Beeson further alleges that Mandillion violated Beeson's Fourth Amendment rights against unreasonable searches and seizures. (*Id.*). Beeson alleges that the physical altercation with Mandillion also amounts to a Fourth Amendment violation and constitutes excessive force. (*See id.* at 11). Ultimately, Beeson alleges that Mandillion violated his rights through unlawful seizure, excessive force, malicious prosecution, and retaliation. *(Id.)*

The Court takes judicial notice of the fact that Beeson was convicted of assault on a peace officer in the Missoula County Fourth Judicial District Court and sentenced on November 25, 2025. Beeson has appealed his conviction to the Montana Supreme Court. *State v. Beeson*, DA 26-0053 (filed Jan. 26, 2026). Beeson's appellant brief has not, as of the date of this order, been filed.

Accordingly, claims against Mandillion, and the other defendants, as discussed below, related to his arrest and conviction cannot be heard by this court.

1. *Heck* bar

Beeson's claims about his arrest and prosecution cannot be heard. To recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Beeson is currently incarcerated and does not allege that the relevant conviction has been reversed. His First, Fourth, and Fourteenth Amendment allegations would undermine the facts found necessary for his conviction and may render his conviction invalid. Beeson's damages claim here is barred by *Heck.*

2. *Younger* abstention

Beeson's Complaint also cannot be considered because his conviction is currently on appeal. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the

federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). In this case, Beeson is involved in ongoing state criminal proceedings. The Court must abstain from hearing Beeson's claims.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, Beeson's allegations all stem from the criminal proceedings against him. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, Beeson will have an adequate opportunity in the state district court to raise any issues he has regarding his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the "even more vital consideration" of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023). Beeson has opportunities within his ongoing criminal proceedings in Montana courts to address any alleged violations of his federal rights, including his allegations that the criminal prosecutions are illegal retaliation for First Amendment activities, and that his Fourth and Fourteenth Amendment rights were violated.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding Beeson's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. This Court's theoretical conclusion that there were flaws in the prosecution of Beeson would interfere with the Montana court's ability to resolve those issues in his prosecution.

If all four prongs of the *Younger* test are satisfied, as here, then the Court must abstain from adjudicating Beeson's claims.

**B. Justin Eckwalls and Jason Marks are Immune**

Beeson has sued Eckwalls, a deputy county attorney who prosecuted the case against Beeson, and Marks, who is the judge who presided over his criminal case. These defendants are both immune from Beeson's suit. Beeson asserts that they both may qualify for immunity, but that Beeson does not believe they do in this instance. (Doc. 2 at 26.) Beeson's assertion is incorrect.

Eckwalls, as a prosecutor, is immune on the facts alleged in Beeson's Complaint. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983

"insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012). This includes filing motions, even if the motion includes errors of fact.

Beeson has not alleged any facts to show that Eckwalls' conduct fell outside the scope of his immunity. Beeson alleged few facts related to Eckwalls, but what he does allege are actions in court in the course of the prosecution, where Eckwalls acted as an advocate. Eckwalls is immune.

So is Judge Marks. Judges are immune from suit under § 1983 for actions taken within the scope of their employment. Beeson cannot state claims against Judge Marks under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,

1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Beeson has alleged no facts against Marks that fall outside this immunity.

Beeson recognized the difficulty the immunity of these defendants posed to his case and filed a supplement to his Complaint that intended to replace Marks with the "Fourth Judicial District Court of Missoula Montana—Administration," and Eckwalls with "County Attorneys [sic] Office of Missoula, Montana". (Doc. 6.) Neither of these substitutions remedies the problem of these defendants' immunity. Any of Marks' acts that could be attributed to any other defendant are still judicial acts, and therefore, not subject to suit.

Likewise, if Eckwalls' actions are subject to immunity, the County would not be liable. In addition, the County Attorney's office, as a subdivision of Missoula County, is only a "person" within the meaning of § 1983 under limited circumstances. To be liable, a county must have a deliberate policy, custom, or practice that motivated the alleged actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that local governments are responsible only for 'their *own* illegal acts,'" and therefore to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury (citations omitted)). Beeson has not credibly alleged that the county has any policy or practice that resulted in an injury to him.

### C. Missoula Police Department

For similar reasons, Beeson has failed to state a claim against the Missoula Police Department. The Missoula Police Department, as a subdivision of the City of Missoula, is also only a "person" under § 1983 to the extent it has acted due to policy or practice under *Monell*. Beeson has failed to allege facts that plausibly state a claim under this standard, that the Police Department acted to violate his rights pursuant to a policy or practice.

### D. Executive Branch Administration of Montana

Beeson cannot state a claim against the Executive Branch Administration of Montana. (Doc. 2 at 1.) The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Beeson cannot sue the "Executive Branch Administration of Montana."

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997). Beeson has not sought injunctive relief.

**III. CONCLUSION**

Beeson fails to state a claim against Defendants Marks, Eckwalls, and the State of Montana because they are immune. In addition, the Court must abstain pursuant to *Younger* and decline to hear his claims barred by *Heck*. Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that amendment would be futile. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. Beeson's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 30th day of October, 2026.

Donald W. Molloy, District Judge
United States District Court